WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HOLY TRINITY GREEK ORTHODOX CHURCH, a non-profit organization,<br><br>                      Plaintiff,<br><br>v.<br><br>CHURCH MUTUAL INSURANCE COMPANY, a foreign corporation,<br><br>                      Defendant. | NO. CIV-04-1700-PHX-SMM<br><br>**ORDER** |

      Pending before the Court is Defendant/Counter-Claimant Church Mutual Insurance Company's ("Church Mutual") Motion for Attorneys' Fees. (Dkt. 58.) After considering Defendant's Motion (Dkt. 58), Plaintiff's Objection to Church Mutual's Motion for Attorneys' Fees (Dkt. 59), Defendant's Reply to Plaintiff's Objection to Motion for Attorneys' Fees (Dkt. 60), Defendant's Memorandum in Support of its Motion for Attorneys' Fees (Dkt. 63), Plaintiff's Response in Opposition to Church Mutual's Memorandum in Support of its Motion for Attorneys' Fees (Dkt. 65), and Defendant's Reply to Plaintiff's Objection to Motion for Attorneys' Fees (Dkt. 66), the Court issues this Order.

**BACKGROUND**

      On July 29, 2004, Plaintiff filed a Complaint in the Superior Court for the County of Maricopa alleging the following four counts: 1) Count I: Breach of Contract; 2) Count

II: Bad Faith; 3) Count III: Breach of the Covenant of Good Faith and Fair Dealing; and 4) Count IV: Unfair Claim Settlement Practices. On August 16, 2004, the case was removed to this Court. (Dkt.1.) On March 29, 2005, the Court granted Defendant's Motion to Dismiss Count IV of the complaint. (Dkt. 21.) On January 4, 2006, the Court granted Defendant's Motion for Summary Judgment on Coverage Issues. (Dkt. 57.) Plaintiff's other claims for relief, bad faith and breach of the covenant of good faith and fair dealing, still remain.

## STANDARD OF REVIEW

Attorneys' fees are not ordinarily taxable as costs against the losing party. See Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). However, this Court is authorized to award fees to a successful party in any contract action. ARIZ. REV. STAT. § 12-341.01(A). This award is discretionary, and A.R.S. §12-341.01 does not establish a presumption that fees be awarded in such actions. Assoc'd Indem. Corp. v. Warner, 694 P.2d 1181, 1182-83 (Ariz. 1985). The burden of proving entitlement to attorneys' fees pursuant to §12-341.01 lies with the moving party. Woerth v. City of Flagstaff, 808 P.2d 297, 304 (Ariz. Ct. App. 1990).

Pursuant to Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, this Court has established special procedures for resolving attorneys' fees requests. Rule 54.2 of the Local Rules of Civil Procedure ("LRCiv") of the United States District Court for the District of Arizona governs claims for attorneys' fees and related non-taxable expenses. LRCiv 54.2(b)(1) provides that unless otherwise provided by statute or court order, a party seeking an award of attorneys' fees and related non-taxable expenses must file and serve a motion for attorneys' fees and related non-taxable expenses within fourteen days of the entry of judgment in the action.

## DISCUSSION

On January 18, 2006, Defendant moved for attorneys' fees under Fed. R. Civ. P. 54(d) and LRCiv 54.2(b)(1), as applicable to the Court's January 4, 2006 Order, which granted summary judgment in Defendant's favor on Plaintiff's breach of contract claim.

(Dkt. 58.) The Court finds that Defendant's Motion for Attorneys' Fees is premature. As Defendant notes, "[t]his matter arises out of the insurance contract" Defendant issued to Plaintiff. (Dkt. 63 at 3.) Notwithstanding the Court's interpretation of the "earth movement" exclusion with respect to the breach of contract claim, other claims arising out of the insurance contract remain to be resolved, specifically the bad faith and breach of the covenant of good faith and fair dealing claims. Moreover, although partial summary judgment was granted on the breach of contract claim, the Court has not entered a final judgment in the case.

The Court finds it prudent to examine the award of attorneys' fees for all claims arising out of the contract of insurance together rather than to do so in piecemeal fashion before a final judgment is entered. Because outstanding claims arising out of the contract of insurance remain, and no final judgment has been entered, Defendant's Motion for Attorneys' Fees is premature. Consequently, the Court will deny Defendant's Motion without prejudice and with leave to re-file upon the entry of final judgment in this case.

Accordingly,

**IT IS HEREBY ORDERED DENYING** without prejudice Defendant Church Mutual's Motion for Attorneys' Fees. (Dkt. 58.) Defendant may re-file its Motion for Attorneys' Fees upon the entry of final judgment in this case.

DATED this 6th day of July, 2006.

Stephen M. McNamee
United States District Judge