WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HOLY TRINITY GREEK ORTHODOX CHURCH, a non-profit organization,<br><br>        Plaintiff,<br><br>v.<br><br>CHURCH MUTUAL INSURANCE COMPANY, a foreign corporation,<br><br>        Defendant. | NO. CIV-04-1700-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Plaintiff Holy Trinity Greek Orthodox Church's ("Holy Trinity") Response to Church Mutual Insurance Company's ("Church Mutual") Motion for Partial Summary Judgment, which requests a continuance pursuant to Federal Rule of Civil Procedure 56(f). (Dkt. 96.) Holy Trinity requests that it be permitted to respond to Church Mutual's Motion for Partial Summary Judgment on November 27, 2006, so that it may conduct seven currently noticed depositions necessary to demonstrate that Church Mutual is subject to liability for punitive damages. (Dkt. 96 at 2-3.)

Federal Rule of Civil Procedure 56(f) permits the Court to order a continuance to permit depositions to be taken in certain circumstances: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may . . . order a continuance to

1 permit affidavits to be obtained or depositions to be taken . . . . " Fed.R.Civ.P. 56(f).
2 Although a Rule 56(f) affidavit does not need to present evidence going to the merits of the
3 case, the moving party "must show (1) that they have set forth in affidavit form the specific
4 facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3)
5 that these sought-after facts are 'essential' to resist the summary judgment motion." State
6 of California v. Campbell, 138 F.2d 772, 779 (9th Cir. 1998). "Denial of a Rule 56(f)
7 application is proper where it is clear that the evidence sought is almost certainly
8 nonexistent or is the object of pure speculation." Terrell v. Brewer, 935 F.2d 1015, 1018
9 (9th Cir. 1991).

10 Here, Holy Trinity concedes that, in order to recover punitive damages, it is required
11 to prove, by clear and convincing evidence, "that Church Mutual acted with an evil mind,"
12 by, *inter alia*, engaging in actions "to serve its own interests, having reason to know and
13 consciously disregarding (or intending) a substantial risk that its conduct might significantly
14 injury [sic] Holy Trinity's financial interests." (Dkt. 96 at 3-4.)  Holy Trinity asserts that
15 "Church Mutual had its experts change their reports concerning the severity of the mold
16 problem caused by the water leak," which "would have subjected the preschoolers and
17 elderly that belonged to Holy Trinity to mold caused health risks while saving Church
18 Mutual money." (Id. at 4.)

19 Attached to Holy Trinity's Rule 56(f) request is the affidavit of Holy Trinity's
20 counsel, who avers that (i) "[t]he parties have been diligently working on discovery," (ii)
21 he "is scheduled to take four depositions during October 9-11," and (iii) after completing
22 such depositions, Holy Trinity will be able to demonstrate that Church Mutual acted with
23 the requisite evil mind because it intended to harm Holy Trinity, participated in wrongful
24 conduct motivated by spite or ill will towards Holy Trinity, or acted to serve its own
25 interests, having reason to know and consciously disregarding a substantial risk that its
26 conduct might significantly injure Holy Trinity. (Id. at Maynard Affidavit, ¶¶4-5.)

The Court will grant Holy Trinity's Rule 56(f) request for a short continuance. Although this case has been pending for more than two years, much of this time has been spent litigating various challenges to the pleadings. See Dkts. 20, 57. Counsel for Holy Trinity has timely submitted an affidavit in support of Holy Trinity's request for a continuance pursuant to Rule 56(f) and has specifically identified the relevant and essential information it seeks, a theory pursuant to which such information would likely exist, and the discovery that remains to be conducted (i.e., seven depositions). Moreover, Church Mutual does not dispute that the parties have been diligently pursuing discovery, and the docket demonstrates that at least five depositions were noticed by counsel for Holy Trinity before Church Mutual filed it Motion for Partial Summary Judgment. See Dkts. 82-86. For all of these reasons, Holy Trinity will be afforded a short interval to conduct the seven depositions and properly respond to Church Mutual's Motion for Partial Summary Judgment. See State of California, 138 F.3d at 779 (party requesting continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal and explain why facts preclude summary judgment).

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Plaintiff Holy Trinity's Request Pursuant to Fed.R.Civ.P. 56(f). (Dkt. 96.)

**IT IS FURTHER ORDERED** that Plaintiff Holy Trinity shall respond to Church Mutual's Motion for Partial Summary Judgment no later than November 27, 2006.

DATED this 19th day of October, 2006.

Stephen M. McNamee
United States District Judge