**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Holy Trinity Greek Orthodox Church,<br>　　　　Plaintiff,<br>　v.<br>Church Mutual Insurance Company,<br>　　　　Defendant. | No. CV-04-1700-PHX-SMM<br><br>**RULE 16 SCHEDULING ORDER** |

On November 2, 2006, a Preliminary Pretrial Conference was held in open Court pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. Prior to the conference, the parties filed a Rule 26(f) Case Management Plan. (Dkt. 102.) At the conference, the Court ruled that it would adopt each of the deadlines set forth in the parties' Case Management Plan, with the exception of the trial date and the addition of a Final Pretrial Conference date.

Accordingly,

**IT IS HEREBY ORDERED** that the current provisions of the Federal Rules of Civil Procedure shall apply to all proceedings concerning this case.

**IT IS FURTHER ORDERED** that the Plaintiff shall disclose the identity of any person who may be used at trial to present evidence under Federal Rules of Evidence 701, 702, 703, 704, and 705 no later than **March 9, 2007.**[1] The Defendants shall disclose the identity of any person who may be used at trial to present evidence under Federal Rules of

---

[1] The parties are hereby given notice that this Order requires disclosure greater than that required by Federal Rule of Civil Procedure 26(a)(2).

1  Evidence 701, 702, 703, 704, or 705 no later than **May 11, 2007.** Rebuttal experts if any,
2  shall be disclosed no later than **June 8, 2007**. No deposition of any expert witnesses shall
3  occur before the disclosures concerning expert witnesses mandated by this Order are made.

4  **IT IS FURTHER ORDERED** that the disclosures of the identities of any persons
5  who may be used at trial to present evidence under Federal Rules of Evidence 701, 702, 703,
6  704, or 705 shall also include all of the disclosures required by Federal Rule of Civil
7  Procedure 26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide
8  expert testimony in the case, or (2) is an agent or employee of the party offering the
9  testimony whose duties regularly involve giving expert testimony.

10  **IT IS FURTHER ORDERED** that **all fact discovery**, including depositions of
11  parties and witnesses, answers to interrogatories, production of documents, and requests to
12  admit must be completed by **February 9, 2007.** In no event, however, shall this provision
13  alter the duties and obligations imposed upon the parties by Federal Rule of Civil Procedure
14  26(e). This Order contemplates that each party will conduct discovery in such a manner as
15  to complete, within the deadline, any and all discovery. "Last minute" or "eleventh hour"
16  discovery which results in insufficient time to undertake additional discovery and which
17  requires an extension of the discovery deadline will be met with disfavor, and could result
18  in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

19  **IT IS FURTHER ORDERED** that depositions shall be limited as provided by Rules
20  30 and 31 of the Federal Rules of Civil Procedure unless the parties otherwise stipulate in
21  writing when permitted to do so pursuant to the Rules or when granted permission to depart
22  from the provisions of the Rules by Order of this Court. Counsel shall conduct themselves
23  courteously and professionally, especially during the taking of depositions. Any objections
24  made during the course of a deposition must be in accordance with Rule 26(d)(1) of the
25  Federal Rules of Civil Procedure.

26  **IT IS FURTHER ORDERED** that notwithstanding any provisions of the Federal
27  Rules of Civil Procedure or any other provisions of this Order, non-party witnesses shall <u>not</u>
28

1  be permitted to attend, either physically, electronically, or otherwise, the deposition of any
2  other witness in this case without an Order of this Court to the contrary.

3        **IT IS FURTHER ORDERED** that discovery by interrogatory shall generally be
4  governed by Federal Rule of Civil Procedure 33.

5        **IT IS FURTHER ORDERED** that requests for admissions shall be governed by
6  Federal Rule of Civil Procedure 36.

7        **IT IS FURTHER ORDERED** that **<u>all discovery</u> shall be complete no later than**
8  **June 29, 2007.**

9        **IT IS FURTHER ORDERED** reminding counsel of their duty under Rule 26(e) of
10 the Federal Rules of Civil Procedure to supplement all Rule 26(a) disclosures and responses
11 to discovery requests.  Pursuant to Rule 26(e)(1), any additions or other changes to
12 information previously disclosed must be made prior to the time that Rule 26(a)(3) Pretrial
13 Disclosures are due.  Since this Court effectively requires all Rule 26(a)(3) Pretrial
14 Disclosures to be contained in the Proposed Final Pretrial Order, this Order contemplates that
15 all exhibits and witnesses that may be offered at trial will have been disclosed before the
16 close of discovery as established by the provisions of this Order.  This Order therefore
17 supersedes the "thirty-day before trial" disclosure deadline contained in that Rule. Therefore
18 (1) failure to have timely supplemented a Rule 26(a) disclosure, including but not limited to
19 witnesses and exhibits, or (2) a failure to have timely supplemented responses to any valid
20 discovery requests, or (3) attempting to include any witnesses or exhibits in the Proposed
21 Final Pretrial Order that were not previously disclosed in a timely manner as to allow for
22 meaningful discovery prior to the discovery cutoff date as established by this Order, may
23 result in the exclusion of such evidence at trial or the imposition of other sanctions.

24       **IT IS FURTHER ORDERED** that, **<u>in the event of a discovery dispute, the parties</u>**
25 **<u>shall contact the Court to request a telephonic conference prior to filing any discovery</u>**
26 **<u>motions.</u>**  The parties shall not contact the Court regarding a discovery dispute unless they
27 have been unable to resolve the dispute themselves, despite personal consultation and sincere
28 efforts to do so.  The parties shall not file any written materials related to a discovery dispute

- 3 -

or discovery motion without express leave of Court.  If the Court does order written submissions, the movant shall include a statement certifying that counsel could not satisfactorily resolve the matter despite personal consultation and sincere efforts to do so, in accordance with LRCiv 7.2(j) of the Rules of Practice of the United States District Court for the District of Arizona.

**IT IS FURTHER ORDERED** that all dispositive motions shall be filed no later than **July 27, 2007.**  Such motions must be, in all respects, in full compliance with the Rules of Practice of the United States District Court for the District of Arizona.

**IT IS FURTHER ORDERED** that no submissions to the Court shall contain any footnotes in excess of five (5) lines.

**IT IS FURTHER ORDERED** that all parties are hereby specifically admonished that failure to respond to a motion by serving and filing an answering memorandum within the time period expressly provided for in LRCiv 7.2 of the Rules of Practice of the United States District Court for the District of Arizona may be deemed a consent to the denial or granting of the motion and the Court may then dispose of the motion summarily.

**IT IS FURTHER ORDERED** that the parties shall not notice oral argument on any motion.  Instead, a party desiring oral argument on a motion shall request argument by placing "Oral Argument Requested" immediately below the title of such motion, pursuant to LRCiv 7.2(f) of the  Rules of Practice of the United States District Court for the District of Arizona.  The Court will then issue a minute order scheduling the oral argument.

Oral argument shall be scheduled at the request of a party on all motions to dismiss and motions for summary judgment.  On all other motions on which a party requests oral argument, the Court will determine whether oral argument is necessary.  FURTHER, THE PARTIES ARE REMINDED THAT OBTAINING A HEARING DATE IS PURELY ADMINISTRATIVE.  ACCORDINGLY, REGARDLESS OF A HEARING DATE, THE COURT MAY, AT ANY TIME AFTER THE MOTION IS FULLY BRIEFED, DETERMINE THAT A HEARING IS UNWARRANTED AND RULE ON THE MOTION WITHOUT ORAL ARGUMENT.

1   **IT IS FURTHER ORDERED** that any and all motions, requests, or stipulations for
2   extensions of time shall be made in accordance with the provisions of LRCiv 7.3 of the Rules
3   of Practice of the United States District Court for the District of Arizona.  Notwithstanding
4   this directive, however, if such a motion, request, or stipulation seeks an extension of time
5   in which to file a memorandum in response or in reply to a motion previously noticed for oral
6   argument, under no circumstances shall such a motion, request, or stipulation seek an
7   extension that would preclude the Court from having at least thirty (30) days from the due
8   date for the filing of the reply memorandum to consider the merits of the underlying motion
9   unless the motion, request, or stipulation also seeks to vacate and reschedule the oral
10  argument.  Any motion, request, or stipulation that so seeks both an extension of time and
11  rescheduling of a hearing shall contain a memorandum of points and authorities which
12  demonstrates good cause for the Court to grant the requested extension.

13  **IT IS FURTHER ORDERED** that, if no dispositive motions are pending before the
14  Court after the dispositive motions deadline has passed, Plaintiff(s) shall file a Notice of
15  Readiness for Order Re: Final Pretrial Conference within ten (10) days of the dispositive
16  motions deadline.

17  **IT IS FURTHER ORDERED** that, if dispositive motions are pending before the
18  Court following the dispositive motions deadline, the Court will issue an Order Re:  Final
19  Pretrial Conference following its resolution of the dispositive motions, if necessary.

20  **IT IS FURTHER ORDERED** that the Order Re: Final Pretrial Conference shall: 1)
21  set deadlines for the filing of and response to motions in limine; 2)  instruct the parties on
22  their duties in preparing for the Final Pretrial Conference and for trial; and 3) include a form
23  for the completion of the parties' Proposed Pretrial Form of Order.

24   **IT IS ORDERED** that the attorneys for each party <u>who will be responsible for trial
25  of the lawsuit</u> shall **APPEAR** and **PARTICIPATE** in a Final Pretrial Conference on
26  **Monday, August 15, 2007 at 4:00 p.m.** in courtroom # 605 on the sixth floor of the United
27  States Courthouse, 401 West Washington Street, Phoenix, Arizona.  Because the Final
28  Pretrial Conference is held for the benefit of all parties, and further because the presence of

- 5 -

1  all parties will facilitate frank discussion of the pertinent issues in the lawsuit, **each party,**
2  **or a representative with binding settlement authority if the party is an entity**, shall
3  attend the Final Pretrial Conference.  At the Final Pretrial Conference, the Court shall set a
4  firm trial date.

5        **IT IS FURTHER ORDERED** that the parties shall keep the Court informed
6  regarding the possibility of settlement and should settlement be reached, the parties shall file
7  a Notice of Settlement with the Clerk of the Court.

8        **IT IS FURTHER ORDERED** that this Court views compliance with the provisions
9  of this Order as critical to its case management responsibilities and the responsibilities of the
10 parties under Rule 16 of the Federal Rules of Civil Procedure.

11       DATED this 7th day of November, 2006.

_____
Stephen M. McNamee
United States District Judge